UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ROBERT STEVENS, *pro se*,

    Plaintiff,

v.                                        CASE NO: 2:08-cv-145-UA-SPC

DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon the Motions to Dismiss filed by Defendant Deutsche Bank National Trust Company (Dkt. #67), Defendant Mid-Atlantic Financial Services, Inc. (Dkt. #68), and Defendant Option One Mortgage Corporation (Dkt. #66), and the Plaintiff's Response to said Motions (Dkt. #65).

This action was originally filed in the County Court in and for Collier County, Florida, by *pro se* Plaintiff Robert Stevens, as Personal Representative of the Estate of Matthew K. Garvey. See Dkt. #3. An Amended Complaint (Dkt. #14) was filed on March 19, 2008, which was dismissed because Stevens failed to set forth sufficient facts to support a cause of action for wrongful death and the mortgage foreclosure at issue is against Plaintiff individually, not Matthew Garvey. Stevens filed a Second Amended Complaint (Dkt. #65) on November 19, 2008 alleging wrongful death of Matthew K. Garvey, damages for

predatory lending practices, and a request to hold in abeyance a foreclosure action.  In this Second Amended Complaint, Stevens changed the caption to add himself as a plaintiff individually among other minor changes.

Defendants move to dismiss for failure to state a claim upon which relief can be granted.  In his response to the motions to dismiss, Plaintiff requests that the Court allow him to modify his Complaint to remove the estate of Matthew K. Garvey as a co-plaintiff and strike all references to Matthew K. Garvey from the complaint.  By modifying the complaint in that way, only the allegations regarding predatory lending practices and the foreclosure action remain.

While there is no specific legal definition of "predatory lending practices," federal claims for damages resulting from predatory lending practices are generally brought under the Truth in Lending Act (TILA), 15 U.S.C. §1601 et seq., and/or the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq.  TILA requires "creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (U.S. 1998)(citing 15 U.S.C. §§ 1631, 1632, 1635, 1638).  The FDCPA attempts to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692.

The Second Amended Complaint, even if modified as requested by Stevens, fails to set forth any specific facts to support a cause of action for predatory lending practices. The Court cannot determine what sections of these or other statutes, if any, are alleged to have been violated. Therefore, the claim must be dismissed.

Plaintiff also makes requests that Court hold in abeyance a foreclosure action. This request is barred by the Rooker-Feldman doctrine, which recognizes that federal district courts may not review state court decisions. Sibley v. Fla. Bar, 2008 U.S. Dist. LEXIS 78056 (N.D. Fla. Oct. 3, 2008)(citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (U.S. 1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (U.S. 1983)). "The Rooker-Feldman doctrine now 'is a narrow doctrine, confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Kelley v. Med-1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008)(citing Lance v. Dennis, 546 U.S. 459, 464 (2006)). Stevens' request is exactly the type of claim the doctrine seeks to preclude from federal court review.

Therefore, Plaintiff's Seconded Amended Complaint will be dismissed without prejudice. Plaintiff may amend the complaint if he so chooses.

It is therefore ORDERED AND ADJUDGED that:

1. The Motions to Dismiss filed by Defendant Deutsche Bank National Trust Company (Dkt. #67), Defendant Mid-Atlantic Financial Services, Inc. (Dkt.

#68), and Defendant Option One Mortgage Corporation (Dkt. #66) are hereby GRANTED.

2. Plaintiff is granted twenty (20) days from the date of this Order in within which to file a Third Amended Complaint, if he so chooses, failing which this action may be dismissed without notice to Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida on January 30, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-145.mtd2 (ft. myers).wpd