IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| ROBERT STEVENS, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 2:08-cv-00145 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, MID-ATLANTIC FINANCIAL SERVICES, INC., and OPTION ONE MORTGAGE COMPANY, | ) Senior Judge Thomas A. Wiseman, Jr. |
|     Defendants. | ) |

## ORDER ENTERING FINAL JUDGMENT

Plaintiff Robert Stevens first filed this action in the Circuit Court for Collier County, Florida on February 20, 2008, more than a year ago. Defendant Mid-Atlantic Financial Services, Inc. ("Mid-Atlantic") removed the matter to federal court on the basis of diversity jurisdiction. After Defendants filed their first round of motions to dismiss, Plaintiff responded by filing an Amended Complaint (Doc. No. 14); the motions were dismissed as moot as a result of the filing of the amended complaint. (5/30/2008 Order, Doc. No. 39.) Defendants then filed their second round of motions to dismiss in June 2008. (Doc. Nos. 46, 47, 48.) In October, the Court issued an order granting those motions to dismiss but also giving Plaintiff twenty days from the date of that order to file a second amended complaint. (10/30/2008 Order, Doc. No. 64.) Plaintiff filed his Second Amended Complaint within the allotted time, and Defendants promptly moved to dismiss that complaint also. On January 30, 2009, those motions were granted and Plaintiff again given twenty days within which to file a third amended complaint if he so chose. (1/30/2009 Order, Doc. No. 73.)

Plaintiff filed his Third Amended Complaint (Doc. No. 80) on February 17, 2009. Two of the three defendants, Deutsche Bank National Trust Company ("Deutsche Bank") and Option One Mortgage Company ("Option One") filed motions to dismiss the Third Amended Complaint on March 3, 2009 (Doc. Nos. 81, 82). Defendant Mid-Atlantic has neither filed an answer to the amended complaint nor a renewed motion to dismiss. Plaintiff, for his part, has not filed a response in opposition to the motions to dismiss. Failure to file a response in opposition to the motions may be construed as an indication that

Plaintiff does not oppose the motions.  (*See* M.D. Fl. L.R. 3.01(b) ("Each party opposing a motion . . . *shall* file within ten (10) days after service of the motion . . . a response that includes a memorandum of legal authority in opposition to the request[.]"  (emphasis added)).)  In any event, the Court finds that Plaintiff's third attempt at amending his complaint is unavailing and that this matter must be dismissed.

The Third Amended Complaint varies from the Second Amended Complaint insofar as it omits the first four paragraphs, renumbers the next six (again requesting that this Court hold in abeyance a foreclosure action pending against Plaintiff in state court and alleging that the defendants collectively engaged in "predatory and coercive lending practices"), and adds four new paragraphs.  Judge Moody, in his order dismissing the Second Amended Complaint, already addressed the allegations regarding predatory lending practices and the foreclosure action that are nonetheless restated verbatim in paragraphs 1 through 6 of the Third Amended Complaint.  The amendment fails to address any of the pleading deficiencies previously noted by Judge Moody:  It does not set forth any specific facts to support a cause of action for predatory lending practices, nor indicate what sections of what statutes, if any, have been violated.  In addition, the request to hold in abeyance the state foreclosure action is barred by the *Rooker-Feldman* doctrine.  (*See* Doc. No. 73, at 3.)

> The four new paragraphs added to the Third Amended Complaint state in full as follows:
>
> 7.  Under all applicable Statutes Plaintiff respectfully asks the Court to order Defendants to produce the original mortgage note, as well as, all supporting documentation showing the chain of transfer to the corporate entity now alleged to hold said note.
>
> 8.  Plaintiff also asks the Court to order Deutsche Bank National Trust Company, Trustee to reveal the owner(s) of the corporate entity alleged to hold the mortgage note.
>
> 9.  Plaintiff asks Counsels for the Defendants to reveal the status of their clients regarding bankruptcy, liquidation or suspension of business operations.
>
> 10.  Plaintiff is very troubled by the disclosure by the Defendants' Counsels who consider the Plaintiff's efforts to defend himself against the predatory, coercive, fraudulent and illegal tactics of their clients to be "frivolous."  Plaintiff's late partner found this attitude to be of major concern – he felt uneasy and embarrassed to admit he had practiced law due to both the rise of such tactics and a complete[ ] lack of morality.  The Counsels' attitude is chillingly reminiscent of a defense used long ago:  "I was just following orders."

(Doc. No. 80, at ¶¶ 7–10.)  As defendant Option One argues in its renewed Motion to Dismiss, paragraphs 7 through 9 "appear to be no more than discovery requests," which are both premature and likely more appropriately made in the context of the foreclosure action to which Plaintiff refers in

paragraph 2 of the Third Amended Complaint.  They do not set forth a cause of action or provide any legal basis for a judicial injunction requiring the production of the referenced documents.  Paragraph 10 simply expresses Plaintiff's and his late partner's opinions about the manner in which Defendants' attorneys have represented their clients.  It does not state a cause of action of any kind.

Because Plaintiff has failed yet again to state a viable claim against any of the defendants, despite having had more than a year and four different opportunities to do so (including the original and three amended complaints), the Third Amended Complaint will be dismissed with prejudice.

Accordingly:

1. The Motions to Dismiss filed by defendant Deutsche Bank (Doc. No. 81) and Option One (Doc. No. 82) are hereby **GRANTED**.

2.  This matter is **DISMISSED IN ITS ENTIRETY, WITH PREJUDICE, AS TO ALL DEFENDANTS**.

It is so **ORDERED**.

This is a **FINAL JUDGMENT** for purposes of Fed. R. Civ. P. 58.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge
Sitting by Designation in the
Middle District of Florida